IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WOODROW & CHERYL BOYD, | * | |
| Appellants | * | |
| v. | * | CIVIL NO. JKB-10-3094 |
| NEW TOWNE PROPERTIES, *et al.*, | * | |
| Appellees | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM**

Woodrow and Cheryl Boyd ("Appellants") appeal from an Order of the United States Bankruptcy Court for the District of Maryland (ECF No. 1-30) granting in part and denying in part their petition for attorneys' fees under the Maryland Protection of Homeowners in Foreclosure Act, MD. CODE. ANN., REAL PROP. §§ 703-1 *et seq*. (West, 2010) ("PHIFA") in an adversary proceeding against New Towne Properties LLC, Robert Hurd, and Royal Financial Services, Inc. ("Appellees"). (Appellants' Br., ECF No. 6). The issues have been briefed and no oral argument is required. Local Rule 105.6. For reasons explained below, by separate ORDER the Order of the Bankruptcy Court (ECF No. 1-30) will be AFFIRMED and this appeal will be DISMISSED.

*I. Background*

In March of 2006, Appellants' home in Baltimore was the subject of a foreclosure action. (Appellants' Br. 4, ECF No. 6). Robert Hurd of Royal Financial services approached Appellants and offered to refinance their mortgage. *Id*. Appellants agreed and submitted an application for refinancing. *Id*. But, hours before the foreclosure sale of Appellants' home was to begin, Hurd informed Appellants that he was unable to obtain funding for the refinancing. *Id*. As a solution,

1

Hurd offered to enter a leaseback arrangement with Appellants through his company, New Towne Properties. *Id*. Appellants agreed, and conveyed their home to New Towne. Neither Hurd nor New Towne, however, gave Appellants copies of all forms involved in the transaction, or a notice of their right to rescind the conveyance as required by state law. *Id*.

In 2008, Appellants filed *pro se* for Bankruptcy. *Id*. Later, they obtained counsel and learned that PHIFA gave them a right to rescind the conveyance of their home to New Towne, which they duly exercised. *Id* at 5. In an effort to maintain ownership of the home, New Towne brought three suits against Appellants in state court. *Id*. Two of the suits were landlord-tenant actions, while the third sought to quiet title and to obtain a declaratory judgment that the rescission was invalid. *Id*. Appellants prevailed in all three actions. *Id* at 6. Their success against Appellees in the quiet title action rested in part on their assertion of PHIFA as a defense. *Id*. In that case, both the Circuit Court for Baltimore County and the Maryland Court of Special Appeals determined that Appellees were "foreclosure consultants" within the meaning of PHIFA, and that as such they violated PHIFA's terms. *Id*.

Appellants then initiated adversarial proceedings under PHIFA for damages against Appellees in the U.S. Bankruptcy Court for the District of Maryland. *Id*. The Bankruptcy Court gave preclusive effect to the judgment of the Maryland Court of Special Appeals on critical legal and factual issues before it, and then awarded summary judgment to Appellants on the issue of liability. *Id*. After conducting a hearing on damages, the Bankruptcy Court awarded Appellants $104,440 in damages for the lost wages and emotional distress they suffered in relation to the PHIFA violation. *Id* at 7. The Bankruptcy Court also awarded Appellants $105,579 in attorneys' fees for legal work performed in the bankruptcy matter, but refused to award fees for legal work performed in the related state court actions. *Id* at 9.

Appellants now appeal the Bankruptcy Court's partial denial of attorneys' fees and request that this Court modify the award to include fees for work performed in the state court actions.

*Standard of Review*

The standard of review in relation to an award of attorneys' fees depends on the nature of the alleged error. *United Food and Commercial Workers v. Marval Poultry*, 876 F.2d 346 (4th Cir. 1989). Where an appellant challenges only the lower court's ultimate decision whether and in what amount to award fees, the standard is *abuse of discretion*. *Id*. Where an appellant alleges an error of fact, the standard is *clear error*. *Id*. And, for alleged errors of law, *de novo* review is required. *Id*. Here, Appellants first allege that the Bankruptcy Court erred in interpreting PHIFA to disallow an award of attorneys' fees in separate but related cases. Being a question of law, this Court reviews the Bankruptcy Court's interpretation of the statue *de novo*. *See Id*. Second, Appellants allege that the Bankruptcy Court's Order is inconsistent. As the alleged inconsistency would not correctly be viewed as either a legal or a factual error, the Court reviews this purported error for *abuse of discretion*.

II. Analysis

   A. Plain Meaning

Appellants first contend that the plain language of PHIFA allows for an award of attorney's fees incurred in related litigation. They make three arguments: (1) PHIFA is a remedial statute that should be interpreted liberally to effect its purpose; (2) Maryland law allows recovery of past attorneys' fees as damages; and (3) Maryland law allows recovery of attorneys' fees even where attorneys give their services *pro bono*. (Appellants' Br. 10, 12, 15, ECF No. 6).

The Court disagrees. The first measure of statutory meaning, the plain meaning of the text, resolves this question and thus there is no need to resort to subsidiary rules of interpretation. The relevant PHIFA provisions read:

> (a) In addition to any action by the Attorney General or the Commissioner authorized under this subtitle and any other action otherwise authorized by law, a homeowner may bring an action for damages incurred as the result of a practice prohibited by this subtitle.
>
> (b) A homeowner who brings an action under this section and who is awarded damages may also seek, and the court may award, reasonable attorney's fees.
>
> (c) If the court finds that the defendant willfully or knowingly violated this subtitle, the court may award damages equal to three times the amount of actual damages.
>
> MD. CODE ANN., REAL PROP. § 7-320.

In §7-320(b) above, the award of attorneys fees is conditioned on a successful action for damages under § 7-320(a) of the statute. The Maryland legislature limited the scope of the award to fees for legal work performed *in that action*. Had the legislature intended to authorize the award of attorneys' fees in any instance where PHIFA is successfully invoked (e.g., as a defense to a claim in a related matter), it could have easily done so by using broader language. It did not. The reference to "an action" in § 7-320(b) flows directly from and means "an action" brought by a homeowner under the preceding subsection, § 7-320(a).

Appellants' arguments do not undermine this result. First, nothing in the Bankruptcy Court's Order failed to advance the purposes of PHIFA. According to Appellants, those purposes are:

> prohibiting foreclosure consultants and foreclosure purchasers from engaging in certain practices; requiring a homeowner to be provided with copies of certain documents; providing that certain provisions in certain documents are void; prohibiting certain

4

documents from being recorded within a certain period;... (Appellants' Br. 11, ECF No. 6) (citing *Julian v. Buonassissi*, 997 A.2d 104, 123 (Md. 2010).

Here, Appellants were financially and emotionally injured when Appellees committed the acts just described. The Bankruptcy Court's Order compensates them in damages for those injuries. They have been made whole, and Appellees have been deterred from committing the same acts in the future. Second, the Bankruptcy Court determined that Appellees were morally culpable for their conduct, and therefore doubled the award of damages. *See* (Appellants' Br. 7-8, ECF No. 6). Appellants are thus enriched, and Appellees are further deterred. Finally, the Bankruptcy Court's award of attorneys' fees and costs sanctions and deters Appellees even further, and relieves Appellants of any financial burden they may have incurred in litigating their claim for damages.[1] It is difficult to construe such an order except as a formidable advancement of PHIFA's purposes, as Appellants describe them.

Second, Appellants' argument that Maryland allows the recovery of previously incurred legal fees as damages cuts against them. If that is the practice in Maryland, the most natural assumption is that the Maryland legislature intended for fees incurred in raising PHIFA as a defense in a related matter to be recovered *as damages* under §7-320(a), not as fees under §7-320(b).

Finally, Appellants' argument that fees may be awarded for work done *pro bono* is not relevant here, as that fact does not touch the question of *what* work fees may be recovered for.[2]

---

[1] Appellants' counsel represented them *pro bono* in the state court actions, but it is unclear whether they continued to do so in the adversary proceeding before the Bankruptcy Court.

[2] Appellants appear to be addressing Appellees' argument in the Bankruptcy Court that fees should not be awarded for the previous state court actions, because that work was *pro bono*. (Resp. Fee Pet. 1, ECF No. 1-24). However, that argument was not part of the Bankruptcy Court's justification for its denial. The Bankruptcy Court did write, "The Court agrees with the Defendants' argument as to the scope of what should be awarded as attorneys' fees in this adversary proceeding." (Final Order 2, ECF No. 1-26). But, the Court understands this to mean simply that the Bankruptcy Court agreed that fees should only be awarded for work performed in the adversary proceeding, not that it adopted Appellees' legal reasoning *in toto*.

Therefore, the Court finds that the Bankruptcy Court did not err in its interpretation of PHIFA.

### B. Consistency

Appellants' second issue presented is whether the Bankruptcy Court's refusal to award attorneys' fees incurred during the related state court litigation is inconsistent with its award of damages for injuries incurred during that litigation. Appellants maintain that it is. The Court finds, however, that any alleged inconsistency is resolved by the explication of PHIFA's language set out in the preceding section. PHIFA allows a court to award damages to compensate plaintiffs for any losses incurred as a result of defending claims that are barred by PHIFA. If Appellants had been forced to pay for representation in the state court actions, arguably that expense would have been compensable as damages. PHIFA further ensures that attorneys will have an incentive to take on actions for damages by awarding attorneys' fees. Under this regime, plaintiffs emerge whole or enriched, and attorneys appropriately compensated, from the entire course of litigation. The Court finds no inconsistency, and therefore no abuse of discretion.

### C. Policy

Finally, Appellants argue that an award of fees for previous litigation is necessary to ensure the efficient administration of justice. (Appellants' Br. 20, ECF No. 6). Unless such an award is generally available, they say, attorneys will have little incentive to provide services in defensive actions, since those efforts will not be rewarded in a future, offensive action. *Id*. If this is a valid criticism, then it is one to be taken up by the Legislature, not this Court. As explained above, the plain language of PHIFA does not include attorneys' fees except for work done in an action for damages.

*III. Conclusion*

For the foregoing reasons, an order will issue affirming the order of the Bankruptcy Court, dismissing this appeal and closing this case.


Dated: February 9, 2011                              /s/
                                            James K. Bredar
                                            United States District Judge